FILED

17 OCT -4 AM 11: 42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY JD         DEPUTY

1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11    ROGELIO MAY RUIZ,                    Case No.: 3:17-cv-01914-BEN-NLS
      CDCR No. F-59761
12                                         **ORDER DISMISSING COMPLAINT**
                              Plaintiff,
13
      v.
14
      R. OLIVEIRA; B. SELF; M. VOONG;
15    CDCR OFFICERS,

16                            Defendant.

17

18          Rogelio May Ruiz ("Plaintiff"), currently incarcerated at Corcoran State Prison,

19    and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C.

20    § 1983. (Doc. No. 1.) Plaintiff's Complaint contains factual allegations which are

21    written entirely in Spanish. Plaintiff did not prepay the civil filing fee required by 28

22    U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed

23    *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 2.)

24    **I.      Initial Screening per 28 U.S.C. § 1915A(b)(1)**

25          The Court may conduct a sua sponte review of Plaintiff's Complaint because he is

26    "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated

27

28                                          1

delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(a), (c). Section 1915A, enacted as part of the Prison Litigation Reform Act ("PLRA"), requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### A. Rule 8

In this matter, the Court finds that Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Here, Plaintiff's Complaint is written entirely in Spanish. Local Rule 5.1.a. provides, in part, that "[e]ach document filed, including exhibits where practicable, must

2

be in English." CivLR 5.1.a. Thus, the Court finds that Plaintiff's Complaint falls short of complying with Rule 8 and the Court's local rules, and for those reasons alone, requires dismissal. Moreover, due to the fact that the Complaint is written entirely in Spanish, the Court is unable to conduct the required sua sponte screening pursuant to 28 U.S.C. § 1915A. Therefore, the Court will allow Plaintiff to file an amended pleading, but reminds Plaintiff that it must be written in English. CivLR 5.1.a.

## III. Conclusion and Orders

For the reasons stated above, Plaintiff's Complaint is **DISMISSSED without prejudice** for failing to comply with Federal Rule of Civil Procedure 8(a)(1) and Civil Local Rule 5.1.a. Plaintiff is granted leave to file a First Amended Complaint ("FAC") within **forty-five (45) days** of the date of this Order that cures the deficiencies identified in this Order. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Additionally, Plaintiff's Motion to Proceed IFP is **DENIED as moot and without prejudice** to re-file with his amended pleading.

The Clerk of Court is directed to mail Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for use in amending his pleading.

**IT IS SO ORDERED.**

DATED: October 11, 2017

HON. ROGER T. BENITEZ
United States District Judge

3