

FILED
DEC 05 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO RUIZ, CDCR #F-59761, <br><br> Plaintiff, <br><br> vs. <br><br> R. OLIVEIRA; B. SELF; M. VOONG; CDCR OFFICERS, <br><br> Defendants. | Case No.: 3:17-cv-01914-BEN-NLS <br><br> **ORDER:** <br><br> **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IFP; AND** <br><br> **(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

**I.  Procedural History**

On September 19, 2017, Rogelio May Ruiz ("Plaintiff"), a prisoner currently incarcerated at Corcoran State Prison located in Corcoran, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff did not prepay the civil filing fee; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

///

On October 4, 2017, the Court dismissed his Complaint for failing to comply with Rule 8 and S.D. Local Rule 5.1.a. (ECF No. 3.) Plaintiff's Motion to Proceed IFP was denied as moot and without prejudice to re-file with an amended pleading. (*Id.*) On October 30, 2017, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 4.)

**II. Plaintiff's Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of: (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

///

2

3:17-cv-01914-BEN-NLS

In support of his IFP Motion, Plaintiff has submitted the certified copy of his trust account statement required by 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statements which show that he has had no monthly deposits, and has carried an average balance of zero in his account during the 6-month period preceding the filing of this action, and had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)

### A. Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof,

which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Grievance Procedures

Plaintiff has failed to allege a viable claim against any of the individually named Defendants. Plaintiff's FAC is not entirely clear but he appears to allege that Defendants have violated his constitutional rights due to the manner in which they responded to his administrative grievances. (*See* FAC at 2-4.) However, a prison official's alleged improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860).

Accordingly, Plaintiff's entire FAC is dismissed for failing to state a claim upon which relief may be granted. Because he is proceeding pro se, however, the Court having

5

3:17-cv-01914-BEN-NLS

now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's FAC (ECF No. 4) for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file a Second Amended Complaint that cures the deficiencies of pleading described above. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928

6

3:17-cv-01914-BEN-NLS

(9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Should Plaintiff elect not to proceed by filing a Second Amended Complaint within 30 days, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and for failure to prosecute in compliance with a Court Order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. The Clerk of Court is directed to mail Plaintiff a civil rights form complaint for his use in amending.

**IT IS SO ORDERED.**

DATED: December 21, 2017

HON. ROGER T. BENITEZ
United States District Judge

7

3:17-cv-01914-BEN-NLS