UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>R. OLIVEIRA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17cv1914-DMS (NLS)<br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 39] |

　　　Plaintiff Rogelio May Ruiz ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983 claiming that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from being attacked by another prison officer. ECF No. 17.

　　　Defendants filed a motion for summary judgment seeking judgment in their favor on all claims, contending that Plaintiff failed to exhaust his administrative remedies. ECF No. 39. Defendants, and the Court, notified Plaintiff of the requirements for opposing summary judgment pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). ECF Nos. 39, 40. Plaintiff filed several oppositions in Spanish (ECF Nos. 43, 46, 50, 55), and the Court ordered Plaintiff to resubmit the opposition in English. ECF Nos. 44, 47. In addition, the Court

ordered Defendants to submit certified translations of several exhibits, which included significant portions of text in Spanish, and Defendants complied. ECF Nos. 52, 53.

Upon due consideration and for the reasons outlined below, the Court **RECOMMENDS** that the district judge **GRANT** the motion for summary judgment.

## I. FACTUAL BACKGROUND

Plaintiff contends that Defendants R. Oliveira and B. Self violated his right to be free from cruel and unusual punishment under the Eighth Amendment by failing to protect him from a physical attack carried out by another corrections officer ("C/O") L. Romero. These facts, taken from Plaintiff's Fourth Amended Complaint, are recited here only to set the factual background for the allegations in Plaintiff's complaint and are not to be taken as true for the purposes of the summary judgment motion.

Plaintiff alleges that C/O Romero injured him in his face around August 15, 2015, threatened him if he were to report the incident, and refused to let him see a nurse. ECF No. 17 at 3. Plaintiff alleges that he nevertheless reported this incident in a CDCR 602 grievance. *Id.* Subsequently, on January 26, 2016, Plaintiff alleges that C/O Romero followed him to the kitchen and threatened him for reporting the previous incident. *Id.* Plaintiff alleges that he also reported this threat through another CDCR 602 grievance. *Id.* Then, on February 19, 2016, while another officer arrested Plaintiff for a fight, Plaintiff alleges that C/O Romero arrived on the scene, forced him into handcuffs and the hit him 17 times in his face, breaking his nose, and caused other physical injury including breaking his finger and dislocating his shoulder. *Id.* at 1-2.

Plaintiff alleges that Defendants Oliveira and Self did not protect him from the attack by C/O Romero despite him filing CDCR 602 grievances about Romero prior to the 2016 incident. *Id.* at 1-3.

## II. LEGAL STANDARDS

### A. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a); *Celotex. Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322-23. If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Celotex*, 477 U.S. at 330. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In making this determination, the Court must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). The Court determines only whether there is a genuine issue for trial and, in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The court should not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact. *Anderson*, 477 U.S. at 255.

When defendants seek summary judgment based on the plaintiff's failure to exhaust specifically, they must first prove that there was an available administrative remedy and that plaintiff did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014)) (quotation marks omitted). If they do, the burden of production then shifts to the plaintiff "to show that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Williams*, 775 F.3d at 1191; *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016). Only "[i]f the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, [is] a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166.

## B. Legal Standard for Exhaustion

The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). Therefore, exhaustion is "mandatory" before bringing a federal action. *Ross*, 136 S. Ct. at 1856; *see Porter v. Nussle*, 534 U.S. 516, 524 (2002). A prisoner is not required to plead exhaustion in his complaint; it is an affirmative defense that must be raised and proven by a defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

The Supreme Court has "held that to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' []—rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (internal citation omitted)). The exhaustion requirement offers the prison a chance to resolve the issue on its own and "promotes efficiency" by allowing claims to be resolved more quickly than litigation. *Woodford*, 548 U.S. at 90. Thus, a prison's own

///

grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the exhaustion requirement. *Jones*, 549 U.S. at 218.

Thus, under this legal framework, the Court must look to the prison's grievance procedure. The California Department of Corrections and Rehabilitation's ("CDCR") administrative appeal system for inmates in the California prison system is described in Title 15 of the California Code of Regulations: "Any inmate . . . under the [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). For appeals submitted after January 28, 2011, inmates must commence the appeals process by submitting a CDCR Form 602 to the facility's appeals coordinator describing "the specific issue under appeal and the relief requested." *Id.* at § 3084.2(a), (c). Among other requirements, the appeal must be "limited to one issue or related set of issues" and "list all staff member(s) involved and shall describe their involvement in the issue." *Id.* at § 3084.2(a)(1), (3). Administrative remedies

> shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602 . . . and addressed through all required levels of administrative review up to and including the third level. In addition, a cancellation or rejection decision does not exhaust administrative remedies.

*Id.* at § 3084.1(b).

If a prisoner is not satisfied with the first level response, he may submit a formal appeal for a second level review, which is "conducted by the hiring authority or designee at a level no lower than Chief Deputy Warden . . . or the equivalent." *Id.* at § 3084.7(d)(2). If the prisoner is not satisfied with the second level review, he may appeal to the third level of review by the chief of the Office of Appeals in Sacramento. *Id.* at § 3084.7(c), (d)(3). "The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and . . . exhausts administrative remedies." *Id.* at § 3084.7(d)(3).

## III. DISCUSSION

Defendants' sole argument in support of their motion for summary judgment is that Plaintiff failed to exhaust his administrative remedies prior to bringing suit. In support of this argument, Defendants attach the various CDCR 602s Plaintiff filed. *See* ECF No. 53. The Court will review each of these under the exhaustion framework discussed above.

### A.   Plaintiff's 602 Grievances[1]

<u>CDCR 602 Filed November 23, 2015</u>

The first grievance Plaintiff filed related to this case was on November 23, 2015, where he reported that C/O Romero struck him in the nose while he was handcuffed, causing him to bleed.[2] ECF No. 53 at 5, 7. Plaintiff requested that Romero be investigated. *Id.*

This grievance is shown as bypassing the first level of review. *Id.* On the response for the second level of review, it states that an interview was conducted by Lt. A. Canedo on February 6, 2016. *Id.* at 6. The second level review response dated the same day was that the appeal was "partially granted" in that the investigation was completed and it was concluded that no witnesses were identified and that the prison staff did not violate CDCR policy. *Id.* at 9.

On February 28, 2016, Plaintiff appears to have attempted to take it up to the third level of review. He wrote that he was dissatisfied with the processing of the grievance

---

[1] In summarizing the CDCR grievances, the Court properly relies upon the certified translation submitted by Defendants in support of their motion. *See, e.g.*, *Santacruz v. French Connection Bakery, Inc.*, C 07-1118 PVT, 2009 WL 10692044, at *2 (N.D. Cal. July 27, 2009) (requiring submission of evidence on a motion for summary judgment to include "proper Spanish language declarations that are supported by certified translations which are shown to have been prepared by a competent translator"); *Jack v. Trans World Airlines*, 854 F.Supp. 654, 659 (N.D. Cal. 1994) ("Witness testimony translated from a foreign language must be properly authenticated and any interpretation must be shown to be an accurate translation done by a competent translator.").

[2] The Court notes that this is the date written on the 602 form but Plaintiff alleges in his complaint that the incident took place on or about August 15, 2015. *See* ECF No. 17 at 3.

against C/O Romero, that he had failed to list the shift supervisor as a supervisor because his name tag was covered by his jacket, and that he was requesting a staff investigator. *Id.* at 6. In the grievance, he stated several times that his "complaint [] is only against L. Romero." *Id.* at 8. This appeal was rejected because it was "missing necessary supporting documents," in particular the CDCR Form 1858, Rights and Responsibilities Statement. *Id.* at 4.

CDCR 602 Filed January 26, 2016

The second grievance Plaintiff filed followed the incident alleged in his complaint where he accuses C/O Romero of threatening him for filing his first grievance. In this grievance, Plaintiff stated that Romero followed him from the kitchen and told him that if he reported him again, he will beat him up with another inmate and that "next time will be worse." ECF No. 53 at 14, 16. Plaintiff requested that he be transferred to another job or that C/O Romero be removed from his job. ECF No. 53 at 14.

This grievance is again shown to bypass the first level of review, and on the response for the second level of review, it states that an interview was conducted by Lt. E. Ojeda on June 14, 2016. *Id.* at 18. The second level review response, dated the same day, stated that the appeal was "partially granted." The review response stated that an investigation by interviewing C/O Romero and Plaintiff, and the conclusion was that the staff did not violate CDCR policy. *Id.*

On July 17, 2016, Plaintiff attempted to file a third level appeal. *Id.* at 15. He stated that since filing the grievance, he was hit in the face by C/O Romero on February 19, 2016, and was now requesting financial compensation and an administrative action against him. *Id.* at 15, 17. This appeal was rejected on October 11, 2016 because "the appeal issue or complaint emphasis has been changed at some point in the process to the extent the process is entirely new, and the required lower levels of review and assessment have thereby been circumvented." *Id.* at 22. Plaintiff attempted to resubmit the appeal through a letter, *id.* at 20, but the Appeals Office denied that request, finding that it was submitted after the time limits for submitting an appeal passed, *id.* at 13.

CDCR 602 Filed February 19, 2016

After the alleged attack with C/O Romero where he punched Plaintiff in the face several times and caused other injuries, Plaintiff filed another 602 grievance. ECF No. 53 at 41. He detailed what happened during the incident and his injuries in the grievance, and requested a staff investigation and for protection against C/O Romero. *Id.* at 43. He states that he filed his prior 602 three weeks ago, and was "still waiting for protection assistance." *Id.*

This grievance was shown to bypass the first level of review and on July 29, 2016, the appeal was "partially granted" at the second level, with the conclusion was that the staff did not violate CDCR policy. *Id.* at 31.

On October 4, 2016, it appears that Plaintiff attempted to file a third level appeal. *Id.* at 42. He states that the only officer who hit him was C/O Romero and there was no "need to identify more officers involved." *Id.* He reiterated the injuries he sustained. *Id.* at 44.

He also appears to have sent further forms to the appeals office, on a form for "Inmate/Parolee Request for Interview, Item or Service," dated November 3, 2016. On these forms, he writes that he did not receive any communications regarding this complaint until October 24, 2016,[3] when he received a memorandum he claims had a "false" date from July 28, 2016. *Id.* at 33, 37. The form included an attachment where he wrote that he was interviewed by Oliveira and Self on August 2, 2016. *Id.* at 29. Plaintiff stated that they told him they never sent him a memorandum as to his complaint and blamed him for "their negligence." *Id.*

///
///

---

[3] The Court notes that he makes this claim despite the evidence including statements signed by Plaintiff and dated October 4, 2016, in areas of the form responding to "if you are dissatisfied with the Second Level response, explain reason below" and continuation of this section. ECF No. 53 at 42, 44.

On January 11, 2017, the third level appeal was cancelled because it was found to be untimely. *Id.* at 40. In another communication dated January 18, 2017, the appeal was also rejected because it was missing a required form. *Id.* at 39.

Plaintiff responded on January 25, 2017, stating that he was in the hospital since April 2016 until he was transferred in October 2016, and this may have caused the delay in his filing his appeal. *Id.* at 30. On March 7, 2017, the appeals office responded, stating that Plaintiff cannot reopen an appeal that had been previously cancelled. *Id.* at 28. This is the last communication submitted to the Court regarding the appeals process.

### B. Exhaustion

#### a. Defendants' Evidence

Defendants argue that Plaintiff's claims here against Oliveira and Self are not exhausted because they were not named in the complaints described above and none of the complaints alleged that they failed to protect him. ECF No. 39-1 at 6. Alternatively, Defendants argue that Plaintiff's appeals to the third level were all defective and, as such, did not sufficiently exhaust. *Id.*

In *Jones v. Bock*, the Supreme Court explicitly declined to adopt a bright line rule where "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." 549 U.S. at 219. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218; *see also Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010).

Many older district court cases suggest there is no requirement under CDCR's grievance procedures to name every defendant in order to properly exhaust. *See, e.g.*, *Marella v. Terhune*, No. 03CV0660-BEN (AJB), 2005 WL 8160129, at *6 (S.D. Cal. Feb. 7, 2005); *Ramos v. Monteiro*, No. CV060832GAFJTL, 2008 WL 4184644, at *11 (C.D. Cal. Sept. 8, 2008) (applying same to the CDCR Form 602).

///

However, the California Code regulations governing the grievance process was amended, effective January 28, 2011, to include the following provision:

> ***The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue.*** To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3). The code previously had no such explicit requirement—the controlling statute prior to 2011 merely required inmates to complete a CDCR Form 602 and "describe the problem and action requested." *Morton*, 599 F.3d at 946; *Maldonado v. Yates*, No. 1:11-CV-01633 AWI, 2013 WL 3936732, at *4 (E.D. Cal. July 30, 2013); *Godoy v. Wadsworth*, No. 05cv02913 NJV, 2010 WL 366640 at *4 (N.D. Cal. Jan. 26, 2010). Here, because Plaintiff's grievances were filed after the effective date of the amendment, Plaintiff was explicitly told in his appeal responses that "[a]ll issues related to the allegation of staff misconduct must be appealed separately" and that he "does not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by this complaint." ECF No. 53 at 9, 18, 31.

Regardless, since this amendment, there does appear to be some disagreement within district courts in the Ninth Circuit as to whether individual defendants must be explicitly named. Some courts interpret this 2011 amendment to require prisoners to explicitly name defendants in order to properly exhaust. *See, e.g.*, *Rios v. Paramo*, No. 14CV01073WQHDHB, 2016 WL 8731085, at *12 (S.D. Cal. July 15, 2016), *report and recommendation adopted*, No. 14CV1073 WQH (DHB), 2016 WL 4709063 (S.D. Cal. Sept. 9, 2016) (finding no exhaustion where staff members were not named in grievance); *Parks v. Chappell*, No. C-13-4048 EMC (PR), 2015 WL 3466280, at *5 (N.D. Cal. June

10

1, 2015) (same); *Stephen v. Alvarez*, No. 14-CV-01245-SI, 2016 WL 3162142, at *6 (N.D. Cal. June 7, 2016) (same). In *Randolph v. Nix*, the court analyzed this amendment and found that because binding Supreme Court and Ninth Circuit caselaw required courts to focus on the state regulations, the new amended regulations "clearly and unambiguously required that Plaintiff list all staff members involved in the conduct/issue of which he complained in order to properly exhaust administrative remedies with regard to that conduct/issue." No. 1:12-CV-00392-LJO, 2015 WL 5432622, at *5-6 (E.D. Cal. Sept. 15, 2015).

Others take a more nuanced approach—not requiring defendants to be specifically named but requiring such information that would be necessary to put the prison on notice of the conduct complained about. *See, e.g.*, *Rust v. Chino Prison Healthcare Providers*, No. EDCV1700556JAKKES, 2018 WL 3325725, at *7 (C.D. Cal. Apr. 9, 2018), *report and recommendation adopted*, No. 517CV00556JAKKES, 2018 WL 3303310 (C.D. Cal. July 5, 2018) (finding sufficient exhaustion where defendants were not included by name, but described as superiors and supervisors of other named staff members); *Catanzarite v. Pierce*, No. 1:12-CV-01502-LJO, 2015 WL 3774285, at *9 (E.D. Cal. June 16, 2015), *report and recommendation adopted*, No. 1:12-CV-01502-LJO, 2015 WL 4756094 (E.D. Cal. Aug. 11, 2015) (finding sufficient exhaustion where a hearing committee was identified by the group title and date of action without specific names); *Garcia v. Cate*, No. EDCV131610JFWMAN, 2015 WL 5998607, at *7 (C.D. Cal. June 4, 2015), *report and recommendation adopted*, No. EDCV1301610JFWDFM, 2015 WL 5971550 (C.D. Cal. Oct. 13, 2015) (finding that grievance that failed to name defendant was sufficient where grievance on the whole was sufficient to alert prison to issue complained about).

With this legal framework in mind, the Court concludes that Defendants have met their burden to show that Plaintiff failed to exhaust his administrative remedies against Oliveira and Self. As an initial matter, Plaintiff fails to name them in any of the actual grievances he submitted. *See* ECF No. 53 at 5, 7, 14, 16, 41, 43. Each of these grievances were solely focused on the conduct of C/O Romero. To the extent that

1  Plaintiff claims that these grievances covered Oliveira and Self's conduct, Plaintiff failed
2  to comply with CDCR regulations requiring that he name each involved staff member.
3  Cal. Code Regs. tit. 15, § 3084.2(a)(3).

Importantly, the grievances are not sufficient to put the prison on notice of the alleged wrong conduct of Oliveira or Self, even if they were not named. Plaintiff's allegations about these officers in this federal case centers on their alleged failure to protect him from C/O Romero. The CDCR grievances center on C/O Romero's conduct—first, as to the alleged physical attack in 2015; second, as to the alleged threats in January 2016 for filing the first grievance; and third, as to alleged physical attack in February 2016. *See* ECF No. 53 at 5, 7, 14, 16, 41, 43.

In the evidence submitted by Defendants, Oliveira and Self only appear in two places. First, on a form titled "Inmate/Parolee Appeal Form Attachment" dated November 3, 2016, Plaintiff stated:

> In this ~~application~~ notice it's only an emergency notification of the appeals coordinator. On 8-2-2016 I was interviewed by telephone from R.J.D. by coordinators. R. Olivaria CCII ~~J.B.~~ self CCII, who explained to Re. Dominguez as interpreter in D.S.H. in Salinas Valley Hospital that they never sent me any memorandum to [illegible] remedies for my appeal. Log# RJD-C-16-01158 which has a date that is delayed more than 9 months. They even blamed me for their negligence which makes them criminal accomplices to protect the officer who used abuse of unnecessary force. Please correct this error. I'm sending this memo with delayed dates which I received on 10-24-2016. Thank you very much.

ECF No. 53 at 29. Second, on a form titled "Inmate/Parolee Request for Interview, Item or Service" dated November 3, 2016, Plaintiff stated:

> "Notification for the Guidelines [Directors] of the 3rd Level Appeals Office, Sacramento, CA. I notify you that R. Olivaria CCII x B. Self. CCII appeals coordinator, since 2-19-16 I have never been sent by any means an order of requirements for my appeal log R.J.D. 16-01158 until the date 10-24-2016, when I was given a memorandum by CHCF staff. This memorandum has a false send date from July 28, 2016. These coordinators did not correctly guaranty [grant] my appeal."

12

17cv1914-DMS (NLS)

*Id.* at 33, 37. Thus, viewing this evidence in the light most favorable to Plaintiff, Oliveira and Self may have interviewed him as part of his third grievance process. Plaintiff claimed that Oliveira and Self said they never sent any memorandum related to that appeal and tried to blame Plaintiff for their negligence. Thus, his complaint against Oliveira and Self during the grievance process relates to Plaintiff's ability to timely appeal his third grievance for the third level of review.[4] Plaintiff appears to complain that he was unable to timely appeal because Oliveira and Self failed to give him the memorandum regarding the second level appeal, which was dated July 29, 2016, until it was too late on November 24, 2016.

The complaint against Oliveira and Self during the grievance process unfortunately has nothing to do with Plaintiff's complaint against these officers now as to their failure to protect him from C/O Romero. "An appeal generally 'suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress.'" *Sisneros v. Brown*, No. 14CV0891 GPC RBB, 2015 WL 4662056, at *13 (S.D. Cal. Aug. 6, 2015), *aff'd*, 689 F. App'x 514 (9th Cir. 2017), (quoting *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010)). In *Sisneros*, the Court found insufficient exhaustion where the plaintiff alleged in his federal complaint that two defendants failed to protect him from an attack by another guard, where the two defendants were not named in the prison grievance, which instead focused on the plaintiff's medical issues and injuries he sustained during the alleged attack. *Id.* ("Because the undisputed evidence in the record shows instead that Plaintiff's CDCR 602 Log[s] lacked even a modicum of detail involving their purported roles in failing to protect him, Defendants [] could not have reasonably been alerted to the nature of the wrong for which Plaintiff now seeks redress against them."). This is the issue Plaintiff faces here—the grievances he filed were against C/O Romero and did not include any

---

[4] His appeal at the third level of review was ultimately rejected as untimely. *See* ECF No. 53 at 40.

failure to protect claim against Defendants Oliveira or Self. *See also Ramos*, 2008 WL 4184644, at *11 (finding no exhaustion when claims that prison staff rejected his appeals due to retaliatory motives were not part of the grievance); *York v. Stewart*, No. 115CV01828DADBAMPC, 2018 WL 1014456, at *9 (E.D. Cal. Feb. 21, 2018), *report and recommendation adopted*, No. 115CV01828DADBAM, 2018 WL 1440626 (E.D. Cal. Mar. 22, 2018) (finding no exhaustion where grievance did not include sufficient information to put prison on notice about Defendant's actions); *Young v. Balkind*, No. CV 12-7278 JGB (JC), 2016 WL 2620804, at *12 (C.D. Cal. Mar. 4, 2016), *report and recommendation adopted*, No. CV 12-7278 JGB(JC), 2016 WL 2626745 (C.D. Cal. May 6, 2016) ("None of plaintiff's grievances plausibly alerted the prison to a claim of any other nature for which plaintiff sought redress from defendant.").

Plaintiff's grievances do include some general references to protection. In his third grievance from February 2016 regarding the last alleged assault, he wrote that he was "waiting for protection assistance" and was requesting "protection." ECF No. 53 at 43. In addition, in a letter to the appeals coordinator dated October 15, 2016, Plaintiff wrote "I have reported this individual C/O L. Romero twice before and the CDCF system did nothing to protect me." *Id.* at 20. Even if these references would suffice to put the prison on some notice as to a generalized failure to protect claim, they are not sufficient to exhaust the claims against the individual defendants Oliveira and Self. In *Sunkett v. Ruiz*, the prisoner's grievance included allegations against a nonparty doctor and the "medical staff as a whole." No. 14CV2649-JLS(KSC), 2016 WL 8942966, at *12 (S.D. Cal. Feb. 12, 2016), *report and recommendation adopted*, No. 14-CV-2649-JLS (KSC), 2016 WL 8941158 (S.D. Cal. Mar. 14, 2016). The court found that this was not sufficient to exhaust the claims against two individual doctors who were not named in the grievance. *Id.* The Court agrees with this reasoning—such broad allegations referencing the entire CDCR prison system is not sufficient to meet the requirement to describe "the specific issue under appeal" Cal. Code Regs. tit. 15, § 3084.2(a).

///

### b. Plaintiff's Opposition

Based on the foregoing discussion, the Court finds that Defendants have met their initial burden on summary judgment to show that Plaintiff has not properly exhausted his claims. *Williams*, 775 F.3d at 1191. Thus, now the burden of production shifts to Plaintiff "to show that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.; see also Albino*, 747 F.3d at 1172.

Plaintiff submitted his original opposition to this motion in Spanish. ECF No. 43. In response, the Court warned Plaintiff that it could not understand the opposition that was submitted entirely in Spanish and gave Plaintiff more time to resubmit the documents in English, suggesting ways that Plaintiff may be able to accomplish this.[5] ECF No. 44 at 2-3. Despite the Court issuing a *Klingele/Rand* Notice, warning Plaintiff about the consequences of a motion for summary judgment, Plaintiff did not comply with these instructions and instead submitted three subsequent oppositions, each in Spanish. ECF Nos. 46, 50, 55. At this juncture, the Court has given Plaintiff an abundance of time to file an opposition in English and Plaintiff has demonstrated that he has the ability to respond in English when required to do so.[6]

Thus, the Court is left unable to understand the oppositions that Plaintiff has submitted. "It is clear, to the point of perfect transparency, that federal court proceedings

---

[5] This opposition, and each following opposition, included requests for appointment of counsel. The Court has already repeatedly advised Plaintiff that his inability to communicate in English does not constitute "exceptional circumstances," warranting appointment of counsel. *See* ECF Nos. 22, 33, 44 (each denying requests for counsel). Regardless, these motions will not be addressed in this order.

[6] Plaintiff's initial complaint was filed in English. ECF No. 1. Subsequently, when his complaints were screened out under 28 U.S.C. § 1915 three times (ECF Nos. 7, 11, 13), Plaintiff was able to understand those orders—all written by the Court in English—and amend his complaint in response—also in English. ECF Nos. 8, 12, 17. His fourth amended complaint, the operative complaint here, was determined to survive screening. ECF No. 22.

must be conducted in English." *United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002); *see also United States v. Canales-Mendoza*, No. 3:14-CR-30016, 2017 WL 2988270, at *1 (W.D. Ark. July 13, 2017) (denying a motion made entirely in Spanish, noting that "by longstanding tradition the vast majority of judicial business is conducted in English," that courts have "no obligation to appoint a Spanish-language translator for motions" made under the Federal Rules of Civil Procedure, and that "it is not inconsistent with any law [for the court to] order litigants to make filings in English").

Significantly, even if the Court could understand what Plaintiff was stating in Spanish, arguments made in motion practice is not evidence to be considered on a motion for summary judgment. *See Flaherty v. Warehousemen, Garage & Serv. Station Emp. Local Union No. 334*, 574 F.2d 484, 486 n.2 (9th Cir. 1978) ("Legal memoranda and oral argument, in the summary judgment context, are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment."); *Goehring v. Wright*, 858 F. Supp. 989, 993 (N.D. Cal. 1994) ("It is axiomatic that the arguments of counsel are not evidence .); *TV Interactive Data Corp. v. Sony Corp.*, No. C 10-0475 PJH, 2012 WL 6020113, at *17 (N.D. Cal. Dec. 3, 2012) (summary exhibits prepared by counsel are "attorney argument, not evidence" on summary judgment).

The only exhibits and actual evidence Plaintiff submitted are attached to his oppositions, totaling six pages. *See* ECF No. 43 at 7-12; ECF No. 46 at 7-12 (resubmitting identical pages). Thus, the Court will consider this evidence and evaluate if it can defeat summary judgment by showing a factual dispute as to whether Plaintiff sufficiently exhausted.

At the outset, the Court notes that each of these six pages is titled "Inmate/Parolee Request for Interview, Item or Service." ECF No. 43 at 7-12. This form, known as CDCR Form 22, provides inmates with a forum to "request interviews with staff and/or request items and services via a written request process." Cal. Code Regs. tit. 15, § 3086(a). "The written request process may be used when the inmate or parolee seeks a response to an issue or concern related to his or her confinement or parole." *Id* at §

3086(b). However, the regulations explicitly state that "[a]n inmate or parolee's documented use of a Request for Interview, Item or Service form does not constitute exhaustion of administrative remedies as defined in subsection 3084.1(b)." *Id.* at § 3086(i). Consistent with the regulations, courts have routinely held that submitting this "informal grievance" is not sufficient to meet the exhaustion requirement to bring the claim to federal court. *See Pelayo v. Hernandez*, No. C 13-3618 RMW (PR), 2015 WL 4747831, at *7 (N.D. Cal. Aug. 11, 2015), *aff'd*, 671 F. App'x 1000 (9th Cir. 2016) ("Plaintiff's filing of a request for interview, i.e., CDCR Form 22, does not satisfy the exhaustion requirement."); *Woodson v. Ramirez*, No. 12CV1825-MMA BGS, 2013 WL 1315999, at *4 (S.D. Cal. Mar. 28, 2013) (holding same); *Jones v. R. Roque*, No. C 12-2946 LHK (PR), 2013 WL 4426515, at *3 (N.D. Cal. Aug. 15, 2013), *aff'd sub nom. Jones v. Roque*, 616 F. App'x 307 (9th Cir. 2015) (holding same and collecting other cases that hold the same); *Morris v. Bradford*, No. 2:11-CV-1171 KJM DAD, 2015 WL 135925, at *14 (E.D. Cal. Jan. 9, 2015), *report and recommendation adopted*, No. 2:11-CV-1171 KJM, 2015 WL 1014608 (E.D. Cal. Mar. 4, 2015) (holding same). Thus, none of the evidence that Plaintiff submitted—in the form of the Form 22s—can suffice to show exhaustion of this claims.

Furthermore, a review of the substance of these six pages reveals that most of them have nothing to do with Defendants Oliveira and Self. The first page, dated September 20, 2017, appears to identify inmate Arello as a witness in his appeal against C/O Romero and asks for assistance in locating him. ECF No. 43 at 7. The second page, dated December 15, 2016, is in Spanish and to the Court's best comprehension, appears to request a copy of his previous CDCR 602 against C/O Romero and complains of the delay in getting a response to the 602s.[7] *Id.* at 8. The third page, dated January 22, 2015,

---

[7] While the Court attempts to take this evidence into account, viewing it in the light most favorable to Plaintiff, the Court notes that it is under no obligation to consider it because no certified translation was submitted. *See Fernandez v. Dexter*, No. CV 08-308-AB PJW, 2015 WL 391621, at *4 (C.D. Cal. Jan. 27, 2015) (refusing to consider affidavits

17

17cv1914-DMS (NLS)

is also entirely in Spanish and is unfortunately largely illegible. *Id.* at 9. As far as the Court can tell, however, Defendants' names do not appear on the form. The fourth page, dated November 3, 2016, is a duplicate of Defendants' evidence and has already been addressed above. *Compare id.* at 10 *with* ECF No. 39-3 at 33 *and* ECF No. 53 at 33. The sixth page, dated January 3, 2018, is again entirely in Spanish and appears to again ask for a copy of his 602s and also medical report, to be used in his federal lawsuit. ECF No. 43 at 12.

The only page that mentions Oliveira and Self is page five, dated January 29, 2018. ECF No. 43 at 11. In that form, Plaintiff appears to write that he "attach[es]" two Form CDCR 602s, which he claims show that he requested protection from Defendants. *Id.* He then states that the first 602 is the one against C/O Romero, where he injured Plaintiff's face in August or November 2015. Even if this Form 22 could be considered in the exhaustion analysis, it appears the 602s referenced here are the ones against C/O Romero, and already considered by the Court above. And as the Court found, nothing in those 602s stated a failure to protection claim against Oliveira or Self sufficient to exhaust his claims against them.[8]

---

submitted only in Spanish); *Heary Bros. Lightning Protection Co., Inc. v. Lightning Protection Institute*, 287 F.Supp.2d 1038, 1074 (D. Ariz. 2003) (striking untranslated exhibits as inadmissible); *United States v. Rivera-Rosario*, 300 F.3d 1, 7 n.4 (1st Cir. 2002) (noting "well-settled rule that parties are required to translate all foreign language documents into English"); *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 413-14 (1st Cir. 2000) (declining to consider as part of summary judgment record a deposition excerpt in Spanish, where party submitting excerpt failed to provide English translation); *Krasnopivtsev v. Ashcroft*, 382 F.3d 832, 838 (8th Cir. 2004) (copy of passport was properly excluded from evidence where no English translation or certification was offered).

[8] If the Court were to take the liberal construction requirement to its most extreme and give Plaintiff the utmost benefit of the doubt, one of the Plaintiff's 602 forms does include the word "protect" in a paragraph discussing Oliveira and Self. ECF No. 53 at 29. However, in that statement, Plaintiff appears to claim that they were protecting *Romero* by causing a delay in Plaintiff receiving the appeals board response to his 602—a very different protection claim to what he alleges here, that they failed to protect to *him*

18

17cv1914-DMS (NLS)

Thus, on a whole, none of the evidence that Plaintiff submits in his oppositions suffices to rebut the showing of failure to exhaust discussed above. Plaintiff has not put forth any evidence to show that he was unable to or somehow prevented from filing the 602 grievance that was required to exhaust his claims against Defendants Oliveira and Self. Accordingly, in summary, it is **RECOMMENDED** that the District Court **GRANT** summary judgment in favor of Defendants Oliveira and Self for failure to exhaust administrative remedies against them.

## VI.  CONCLUSION AND RECOMMENDATION

On Defendants' motion for summary judgment, the Court **RECOMMENDS** that the motion be **GRANTED**. This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **August 2, 2019**, any party to this action may file written objections and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **August 15, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  July 15, 2019

*/s/ Nita L. Stormes*

Hon. Nita L. Stormes
United States Magistrate Judge

---

from Romero in the first place because his 602s would have put them on alert of the danger.