# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>R. OLIVEIRA, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:17-cv-1914-DMS-AHG<br><br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 43, 46, 50, 55]** |

　　　Before the Court are Plaintiff's motions for appointment of counsel. ECF Nos. 43, 46, 50, 55. Each of these documents is titled along the lines of "motion for appointment of counsel and oppositions to summary judgment." ECF Nos. 43, 46, 50, 55. Two of the motions are duplicates of each other. *See* ECF Nos. 43 and 46. ECF No. 50, despite its title indicating it is an opposition, is only a motion for appointment of counsel. To the extent these motions included opposition to Defendants' motion for summary judgment, they were considered by Judge Stormes in the Report and Recommendation for an Order Granting Defendant's Motion for Summary Judgment ("R&R"). *See* ECF No. 56 at 15. Accordingly, this order will only address the motions for appointment of counsel.

　　　Plaintiff has previously requested and was denied appointment of counsel. ECF No. 22, 33. As with his previous requests, each document is largely in Spanish, however it is clear that Plaintiff requests appointment of counsel based primarily on his difficulties

1

with the English language.  Plaintiff attaches a single page from a Rules Violation Report showing a TABE[1] score of zero.  ECF No. 50.  Plaintiff has previously submitted similar documents.  ECF No. 32 at 4 (document for inmate appeal indicating a TABE score of 0).

"[T]here is no absolute right to counsel in civil proceedings."  *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel."  *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989).  But they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

"A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel."  *Ahmed v. Ringler*, 213CV1050MCEDBP, 2017 WL 30017, at *6 (E.D. Cal. Jan. 4, 2017), *report and recommendation adopted*, 2:13-cv-1050 MCE DBP, 2017 WL 1166291 (E.D. Cal. Mar. 28, 2017).

---

[1] "The TABE (Tests of Adult Basic Education) scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level." *See In re Roderick,* 154 Cal.App.4th 242, 253 n. 5, 257 n. 10 (2007); *see also Marcelo v. Hartley,* 2008 WL 4057003, *4, n. 7 (C.D. Cal.2008).  The TABE test grade ranges have been further explained, "The lowest level is called L for Literacy, and grade range [is] from 0 to 1.9. The test level E, E for easy, offers content from the 1.6 to 3.9 level, and the 1.6 means first grade sixth month. So you've been in school for the first grade and six months counting from September, so October is 6.1, November is 6.2…." *Bills v. Clark*, 2:06-CV-2223 MCE GGH, 2012 WL 2263346, at *15 (E.D. Cal. June 15, 2012), *subsequently aff'd,* 579 Fed. Appx. 579 (9th Cir. 2014) (unpublished).

In light of the R&R recommending that Defendants' motion for summary judgment be granted, Plaintiff cannot demonstrate a likelihood of success on the merits. The remaining factor, Plaintiff's ability to articulate his claim, remains unchanged since the time of Plaintiff's previous requests. Despite the document reflecting a TABE score of zero, it is clear that Plaintiff understands some English: Plaintiff was able to successfully revise his complaint in response to screening orders that granted leave to amend.

The Court remains sympathetic to plaintiff's difficulties with the English language, but "[t]he court does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who files a civil rights action." *Nguyen v. Bartos*, No. 2:10-cv-1461 WBS KJN P, 2012 WL 3589797, at *2 (E.D. Cal. Aug. 20, 2012).

Plaintiff fails to demonstrate the exceptional circumstances required to appoint counsel. Plaintiff's motions to appoint counsel are **DENIED**.

**IT IS SO ORDERED.**

Dated: August 12, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge